# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 20-cv-80697-SINGHAL/Matthewman

KAMALADEEN AMIN and NATASHA
ESAHAK,

    Plaintiffs,

v.

DEL PLATA INVESTMENT GROUP, LLC
and REYNOLDS & REYNOLDS, P.L.,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Defendant Reynolds & Reynolds, P.L.'s Motion to Dismiss Complaint for Failure to State a Cause of Action ("Law Firm's Motion") (DE [5]) and Defendant Del Plata Investment Group, LLC's Motion to Dismiss Plaintiffs' Complaint ("Landlord's Motion") (DE [21]). Plaintiffs filed a response to the Law Firm's Motion (DE [14]) and Defendant Reynolds & Reynolds, P.L. filed a reply (DE [23]). Plaintiffs did not respond to the Landlord's Motion. This cause is now ripe for review. For the following reasons, the motions are **GRANTED IN PART AND DENIED IN PART**.

This is an action under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiffs Kamaladeen Amin and Natasha Esahak ("Tenants") bring five counts against Defendant Del Plata Investment Group, LLC ("Landlord") and Reynolds & Reynolds, P.L. ("Law Firm") (collectively, "Defendants") for various theories of liability under both the FDCPA and FCCPA. The

dispute originates from an eviction proceeding in 2019.  *See Del Plata Investment Group LLC v. Kamaladeen Amin*, No. 502019CC011811 (15th Cir. Ct. docketed Sept. 6, 2019).

On August 1, 2019, Tenants informed Landlord of their intent to terminate their lease and vacate the subject property by end of the month or the following month (September).  *See* Verified Compl. ¶ 10 (DE [1]).  Landlord responded by unilaterally raising the rent for the month of September from $800 to $1250.  *Id.* ¶ 11.  On September 1, 2019, Tenants attempted to tender the usual $800, but Landlord refused to accept.  *Id.* ¶ 12.  The following day, Law Firm sent Tenants a letter ("Dunning Letter") demanding they remit $1250 in unpaid rent or vacate the premises within three days.  *Id.* ¶ 15.  The Dunning Letter was also posted "at the Property" (presumably on the front door, though unclear in the Verified Complaint).  *Id.*  The Dunning Letter stated:

> Please be advised that I represent your landlord, Del Plata Investment Group, LLC.  You are hereby notified that you are indebted to my client in the amount of $1,250.00 for the rent and use of [property address] now occupied by you and that my client demands payment of the rent or possession of the premises within three (3) days . . . .

*See* Ex. D to Verified Compl. (DE [1]).

Four days later, on September 6, 2019, Landlord initiated eviction proceedings in state circuit court in Palm Beach County.  *Id.* ¶ 19.  Tenants vacated the subject property on September 29, 2019.  *Id.* ¶ 20.  In the Verified Complaint here, they allege "several separate incidents at different dates and times" of harassment by Landlord up until September 29 when they vacated the subject property.  *Id.* ¶ 22.  The state court entered an order of involuntary dismissal, and made a finding that Tenants and Landlord never agreed to the $450 rent increase.  *Id.* ¶ 21.

Tenants brought twelve counts against Landlord and Law Firm under the FDCPA and FCCPA, but voluntarily dismissed Counts V–XI (DE [15]). The remaining, active counts include: Counts I–III (Violations of the FDCPA against Law Firm); Count IV (Violation of the FCCPA against Landlord); and Count XII (Violation of the FCCPA against Landlord). This order follows.

## LEGAL STANDARD

"'When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. City of Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Worthy*, 930 F.3d at 1217 (quoting *Iqbal*, 556 U.S. at 678). The Court is guided by the well-known principle that, on a motion to dismiss for failure to state a claim, the Court assumes all well-pleaded allegations in the Complaint are true and views them in the light most favorable to the plaintiff. *Jackson v. Okaloosa Cty.*, 21 F.3d 1532, 1534 (11th Cir. 1994).

## ANALYSIS

### A. FDCPA Claims Against Law Firm

In Counts I–III, Plaintiffs bring three FDCPA claims against Law Firm. They argue the following: In Count I, Tenants allege Law Firm's posting the Dunning Letter on the subject property was a "false, deceptive, or misleading representation of means" in collecting on the rent for the month of September 2019, violative of 15 U.S.C. § 1692e.

In Count II, Tenants allege the Dunning Letter violated the FDCPA in that it failed to include the statutorily required contents established under 15 U.S.C. § 1692g. Finally, in Count III, Tenants allege Law Firm violated the FDCPA by filing the underlying eviction proceeding in state court because it falsely represented the amount of rent due.

### 1. Legal Standard for FDCPA Claims

"To satisfy a claim under the FDCPA, a plaintiff must demonstrate that (1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector under the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Rivas v. Midland Funding, LLC*, 398 F. Supp. 3d 1294, 1300 (S.D. Fla. 2019). The second element is not in dispute. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *see also Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1275 (S.D. Fla. 2013) (recognizing the statutory definition of "debt collector" includes "lawyers who regularly engage in consumer debt collection activity").

### 2. A "Debt-Collection Activity"

Law Firm moves to dismiss the three FDCPA counts, arguing the sending and posting of the Dunning Letter and filing the underlying eviction proceeding were not "debt-collection activities." It argues the Dunning Letter was in compliance with a Florida state statute that governs the contents of notices of eviction, *see* Fla. Stat. § 83.56(2)(a), and, therefore, cannot be violative of the FDCPA because it is functionally a statutory prerequisite to obtaining possession of real property through an eviction action under Florida law. *See* Law Firm's Mot. 3–4.

Law Firm relies on *Robb v. Rahi Real Estate Holdings, LLC*, 2011 WL 2149941 (S.D. Fla. 2011). However, the Court finds *Robb* inapplicable because the underlying

4

state-court action there was a mortgage foreclosure, not an eviction proceeding. *See Robb*, 2011 WL 2149941, at *1. So, to the extent Law Firm cites to *Robb* for the position that "a *foreclosure action* is not a debt collection for FDCPA purposes," *see* Law Firm's Mot. 4 (emphasis added), the argument is not relevant, and necessarily fails. The inquiry remains on whether an *eviction proceeding* is a debt collection under FDCPA.

Though from another district, the Court finds *Hairston v. Whitehorn & Delman*, 1998 WL 35112, at *1 (S.D.N.Y. Jan. 30, 1998), directly on point. The *Hairston* court identified the issue before it accordingly: "This case poses the question whether the Fair Debt Collection Practices Act applies to an attorney's attempt to collect back rent and evict a tenant following procedures specifically set forth by New York state law." 1998 WL 3511, at *1. The facts of the case are nearly identical: The plaintiffs rented an apartment; and the defendant law firm sent letters on behalf of its client, the landlord for back rent or face eviction. *Id.* The plaintiffs brought suit in federal court under the FDCPA for sending the dunning letters. *Id.*

In moving to dismiss, the defendant law firm there argued—just like Law Firm here argues—that it was not attempting to collect a debt; rather, it "was merely following the procedure under New York Real Property Actions and Proceedings law for evicting someone." *Hairston*, 1998 WL 35112, at *1. In other words, the defendant law firm argued "that since its purpose was to evict the plaintiffs rather than to collect a debt, the FDCPA does not apply to it." *Id.* at *2. The court disagreed. *Id.*

As a matter of law, the court ruled the sending of the dunning letters was a "debt collection activity" under the FDCPA if the purpose of the letters was to recoup the back rent. *Id.* The court went further, opining "it is hard to believe that [the landlord] only

5

[sought] eviction through these letters *rather than also the collection of the debt.*"  *Id.* Nevertheless, it would be within the province of a factfinder to determine the landlord's purpose of sending the letters.  *Id.*

This district has come to same legal conclusion.  *See Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1360–61 (S.D. Fla. 2007) ("Plaintiff's allegations that Defendants sent various written correspondences to Plaintiff and filed the Eviction Complaint against Plaintiff adequately allege that plaintiff was the object of debt collection activity under the FDCPA.").  Simply, the sending of dunning letters in anticipation of an eviction proceeding and the filing of an eviction proceeding *can* be the considered a debt collection under FDCPA.  Dismissal, at this stage, would be improper.

Law Firm further argues that the Florida statute outlining the required notice to initiate eviction proceedings is inherently incompatible with the requirements of 15 U.S.C. § 1692g,[1] the required contents of a notice under the FDCPA.  Law Firm writes: "The

---

[1]  **(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . , send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
15 U.S.C. § 1692g(a).

FDCPA notice, which Plaintiffs claim should have been included in the three-day notice, includes a statement that a debtor has 30 days in which to dispute a debt. That statement contradicts the statement required by Florida Statutes, Section 83.56(3), which demand possession in three days. How would a tenant interpret such contradictory language?" Law Firm's Mot. 4.

*Hairston* addressed the same issue, as well. Noting "as defendant and some judges . . . have noted, the FDCPA's 30-day validation period would conflict with the expedited . . . period afforded under [state law] and might thereby frustrate the expedited scheme under New York Law." *Hairston*, 1998 WL 35112, at *3. However, the court reconciled the ostensibly contradictory requirements under state law and the FDCPA by recognizing that Congress clearly anticipated this when it added a supremacy provision in the FDCPA. *See* 15 U.S.C. § 1692n. Further, the court even offered salient advice: "[T]he conflict can be avoided if the landlord herself signs and sends these letters to the tenants, as permitted under [state law]. The FDCPA would not apply to such a landlord because she would not be collecting the debt of another but rather her own debt." *Hairston*, 1998 WL 35112, at *3.

The Court finds *Hairston*'s legal analysis—and prudent advice—compelling. Here, taking the allegations in the Verified Complaint as true, Law Firm's sending of the Dunning Letter and the filing of the eviction proceeding states a claim under the FDCPA. A factfinder can determine the intent behind Law Firm's actions—that is, whether it was *only* for eviction of Tenants, or whether it sought to collect back rent, first.

**B.     FCCPA Claims Against Landlord**

The remaining two counts (Counts IV and XII) allege violations of the FCCPA against Landlord.

**1.     Count IV: Violation of Section 559.72(9)**

Section 559.72(9) provides, in relevant part: "In collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." "A claim under section 559.72(9) has three elements: an illegitimate debt, a threat or attempt to enforce that debt, and knowledge that the debt is illegitimate." *Davis v. Sheridan Healthcare, Inc.*, 281 So. 3d 1259, 1264 (Fla. 2d DCA 2019).

In Count IV, Tenants allege Landlord violated this provision of the FCCPA by improperly and unilaterally raising their rent and subsequently charging it to them as if it were agreed to. Landlord moves to dismiss this count, arguing "there is no basis to assert that [Landlord] had no right to increase the rent." *See* Landlord's Mot. 8.

Landlord argues a cause not at issue in this case. It is not whether Landlord *had the right* to raise Tenants' rent. Rather, the issue is whether Landlord could enforce the unliterally increased rent it claimed Tenants owed for the month of September. And that issue has already been resolved. The state court determined the parties never agreed to the alleged increase in rent; thus, Landlord could not enforce it. Therefore, in a claim for violation of the FCCPA, it is properly within the province of the factfinder to determine whether Landlord knew the debt was illegitimate at the time it sought to collect the

8

increased rent from Tenants.  At the motion-to-dismiss stage, the Court finds the Verified Complaint well pled and stating a claim under section 559.72(9) for Count IV.

### 2. Count XII: Violation of Section 559.72(7)

Section 559.72(7) provides: "In collecting consumer debts, no person shall . . . [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."  In Count XII, Tenants allege Landlord engaged in a pattern of harassment in connection with their attempts to collect rent for the month of September 2019.  The Court again reiterates the Verified Complaint leaves much to be desired as far as pleading sufficient allegations.  Tenants allege only "several separate incidents at different dates and times" of harassment by Landlord up until September 29, 2019 when they vacated the subject property.  Verified Compl. ¶ 22.  This is woefully inadequate to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a)(2).  Nevertheless, the Court must afford Tenants an opportunity to offer additional allegations to save their count from dismissal with prejudice.  Thus, Count XII shall be dismissed without prejudice.

### CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Law Firm's Motion (DE [5]) is **DENIED**.

2. The Landlord's Motion (DE [21]) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to Count XII and **DENIED** as to Count IV.

9

3.      Count XII is **DISMISSED WITHOUT PREJUDICE** with leave to amend.  If Tenants can cure the deficiencies identified by the Court as to Count XII **only**, Tenants shall file an amended verified complaint within seven (7) days from the date of this order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of June 2020.

*[signature]*
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF